■ In the Matter of NORMAN C. GROSE, Respondent. MARTHA M. GROSE, Appellant.— Order reversed, with $10 costs and disbursements and matter remitted to Special Term for further proceedings not inconsistent with the memorandum. Memorandum: Appellant mother secured a divorce from petitioner father by decree of the Court of Common Pleas of Pennsylvania, which made no provision for visitation rights with respect to the two children of the parties, aged 14 and 11 years. Thereafter the mother and children moved to Oswego County where petitioner instituted this habeas corpus proceeding to secure custody and visitation rights. Notwithstanding appellant mother's request that a hearing be held and testimony taken the Special Term Justice, upon the papers before him, consisting only of the petition and affidavit in opposition thereto, granted custody to the respondent and visitation privileges to the petitioner which included the right to " take the infants out of the State

of New York". In appellant's affidavit she made serious charges of cruel and brutal physical mistreatment while she lived with petitioner, of inhuman conduct by petitioner toward her and the children, of the necessity of having petitioner arrested for failure to support the children which resulted in an award by court order in Pennsylvania, of petitioner bringing a married woman to the common household of the parties while they were still living together and generally expressed fear for the welfare and health of the children if petitioner was permitted to remove the children from the State. To all of these allegations of violent temper, misconduct and bad moral character, petitioner submitted no reply affidavit in explanation or denial. In the posture in which this appeal comes to us we believe that, as was said in *Coman* v. *Coman* (2 A D 2d 671, 672), "This is not a matter that can be resolved knowledgeably or effectively on papers". In the presence of so much doubt concerning the possible adverse effect on the health and welfare of these children by the broad right of visitation granted by the order on appeal the clear duty of this court, is to require a hearing at which testimony should be taken to explore fully and completely the circumstances to aid the Special Term in arriving at a decision consonant with the best interests of these children. "Consequently, it is necessary for proof to be taken to resolve that conflict". (*Matter of Hicks* v. *Bridges*, 2 A D 2d 335, 340; also, see, *Cameron* v. *Cameron*, 2 A D 2d 979.) All concur. (Appeal from an order of Oswego Special Term awarding visitation rights to petitioner together with the right to temporary custody of the children of the parties at specified times.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.